b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PETER CHENEVERT,**<br>**Plaintiff** | **CIVIL DOCKET NO. 1:25-CV-01978** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **LOWE'S HOME CENTER, L L C ET AL,**<br>**Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Fraudulently Joined Defendant Christy Sanchez (ECF No. 8) filed by Defendant Christy Sanchez ("Sanchez"). No party filed an opposition.

Because Sanchez is fraudulently joined, IT IS RECOMMENDED that Sanchez's Motion to Dismiss Fraudulently Joined Defendant Christy Sanchez (ECF No. 8) be GRANTED and the claim against Sanchez be DISMISSED WITH PREJUDICE.

## I. Background

This lawsuit arises from injuries allegedly sustained by Peter Chenevert ("Chenevert") after he slipped and fell in a Lowe's Home Center, LLC ("Lowe's") parking lot in Alexandria, Louisiana ("Alexandria Lowe's"). ECF Nos. 1-2 at 3–6, 27–29.

Chenevert asserted state law negligence claims against Lowe's and Keeley Construction Group, Inc. ("Keeley") in the Ninth Judicial District Court in Rapides Parish, Louisiana. *Id.* at 3–6. Chenevert subsequently filed a First Supplemental and Amending Petition for Damages ("Petition") naming Sanchez, the Alexandria Lowe's store manager, as an additional defendant.[1] *Id.* at 27–29.

On December 9, 2025, Lowe's filed a Notice of Removal pursuant to 28 U.S.C. §1446(d), on the basis of diversity jurisdiction. ECF No. 1. Although Sanchez and Chenevert are both allegedly Louisiana citizens, Lowe's claimed removal was proper because Sanchez had been fraudulently joined to defeat diversity jurisdiction. *Id.* at 3–4.

Sanchez has now filed this motion to dismiss. ECF No. 8. Sanchez argues dismissal of the claims against her are warranted because (1) her employment at the Alexandria Lowe's began six months after the alleged incident occurred, and (2) Chenevert fails to adequately allege she owed a personal duty to him beyond her general administrative responsibilities. ECF No. 8-1.

## II. Law and Analysis

### A. Diversity Jurisdiction

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution or federal legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party invoking federal jurisdiction must

[1] Lowe's and Sanchez contend this Petition was "procedurally improper" because Chenevert filed it without seeking leave of court. ECF Nos. 1 at 1 & 8-1 at 2 n.1. That issue is not before the Court.

overcome an unfavorable presumption. *See id.* That party bears the burden of establishing that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

The diversity statute permits federal district court jurisdiction over lawsuits between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman N. Am. Inc.*, 64 Fed. App'x. 416, 1 (5th Cir. 2003). Subject matter jurisdiction must exist at the time of removal based on the allegations contained in the complaint. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**B. <u>Fraudulent Joinder</u>**

To establish fraudulent joinder of resident defendants, the movant "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal quotations omitted); *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Where a defendant relies upon the latter approach, the threshold question is whether there is any reasonable basis upon which the plaintiff may recover against a resident defendant. *See Gasch*, 491 F.3d at 281.

When "determining whether the joinder of parties was fraudulent, the district court 'must evaluate all of the factual allegations in the light most favorable to the

plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 507 (W.D. La. 2001) (*citing Burden v. General Dynamics Corp.*, 44 F.3d 256, 259 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994)). The burden of proof is on the removing party. *See Gasch*, 491 F.3d at 281.

A court may consider the viability of a disputed claim in one of two ways. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). First, a court may conduct a "Rule 12(b)(6)-type analysis," looking at the allegations of the complaint to determine whether the complaint states a facially plausible claim against the resident defendant. *Id.* A court does not determine whether the plaintiff will actually–or even probably–prevail on the merits of the claim but looks only for a possibility that it might do so. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). Ordinarily, if a claim survives this analysis, there is no fraudulent joinder. *See Smallwood*, 385 F.3d at 573.

Alternatively, in limited circumstances, a court may conduct a "summary inquiry" where a plaintiff may have misstated or omitted discrete facts that would illustrate the propriety of joinder. *Smallwood*, 385 F.3d at 573. A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the resident defendant. *See id.* at 574. "[A]ny piercing of the pleadings should not entail substantial hearings. . . . [T]he inability to

make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

That a plaintiff has asserted a state law claim against a non-diverse defendant does not alone "bar removal if the court pierces the plaintiff's pleading and finds that as a matter of law there is no reasonable basis for predicting that the plaintiff could establish liability on that claim against the non-diverse defendant." *Hardy v. Ducote*, 246 F. Supp. 2d 509, 511–12 (W.D. La. 2003) (*citing Badon v. R J R Nabisco Inc.*, 224 F.3d 382 (5th Cir. 2000)). The court is entitled to "pierce the pleadings" to determine whether the plaintiff has a legitimate claim against the non-diverse party under the governing state law. *Hardy*, 246 F. Supp. 2d at 511.

### C. Slip and Fall Negligence Claims

"In a diversity case such as this one, we apply state substantive law, here Louisiana law." *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Louisiana Revised Statute 9:2800.6 ordinarily provides for the general duty of a merchant for the condition of its aisles, passageways, and floors. *See Littleton v. Wal-Mart Stores, Inc.*, 747 So.2d 701, 703 (La. App. 3 Cir. 12/1/99). But where a plaintiff alleges injuries "because of the direct and simultaneous negligence of a store employee, the burden of proof under ordinary negligence principles is applicable to the employee and not the burden of proof under La. R.S. 9:2800.6." *Id.*

The threshold question in any negligence inquiry is whether the defendant owed the plaintiff a duty. *See Gros v. Warren Properties, Inc.*, No. 12-CV-2184, 2012

WL 5906724, at *6 (E.D. La. Nov. 26, 2012). Thus, under Louisiana law, an individual employee may only be liable if the plaintiff proves "the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury." *Moody v. Coca-Cola Bottling Co. United, Inc.*, No. 24-CV-2579, 2025 WL 264492, at *5 (E.D. La. Jan. 22, 2025).

In *Canter v. Koehring Co.*, the Louisiana Supreme Court established a test to determine if a non-diverse defendant owes an independent, personal duty to the plaintiff. 283 So. 2d 716, 721 (La. 1973). A duty exists only if all the following elements are satisfied:

> 1. The principal or employer owes a duty of care to the third person, . . . breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . .
>
> 4. [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. . . . If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.*

Thus, *Canter* carves out narrow criteria by which store managers can be sued for actions taken within the scope of their employment duties. The employee's duty must be the result of the employer's delegation of a duty. *See Gros*, 2012 WL 5906724,

at *6. Personal liability is not imposed on the employee simply because of her general administrative responsibility but rather because she owes a personal duty to the plaintiff that either was not discharged with the required degree or care or was not properly delegated. *See West v. Home Depot U.S.A., Inc.*, No. 21-CV-1403, 2021 WL 4622213, at *3 (E.D. La. Oct. 7, 2021) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995)); *see also Canter*, 283 So. 2d at 721. Furthermore, managers are not personally liable for injuries that occurred off duty or without any connection to the accident other than general managerial responsibilities. *See West*, 2021 WL 4622213, at *3.

1. <u>Chenevert's Petition fails to allege Sanchez owed a personal duty.</u>

Chenevert's Petition alleges he fell because he slipped on a painted direction arrow in the Alexandria Lowe's parking lot. ECF No. 14-1 at 40. He further alleges Sanchez had the "primary responsibility and authority for the operation of the" Alexandria Lowe's, which included responsibility and authority for the following duties:

> duty to train his or her employees relative to the protocols, to implement the safety protocols, to give directions to employees as to when certain safety protocols must be initiated, to personally follow-up on the protocols being put into place, to personally direct corrective action, to personally be aware of certain risks and conditions within the [Alexandria Lowe's] parking lot which give rise to certain safety protocols needing to be engaged, and like supervisory activity of a manger under circumstances warranting safety protocols being engaged.

ECF No. 1-2 at 28.

Even accepting these allegations as true, Chenevert's claims fall short of *Canter* requirements. Chenevert does not adequately allege that Sanchez had or

breached any duty distinguishable from her general administrative responsibility to perform some function of employment. Chenevert does not allege Sanchez failed to discharge her duty with the required degree of care nor knew or should have known of the non-performance or mal-performance of one of her delegated duties. Moreover, the allegations above fail to directly connect Sanchez in any way to the painting of the arrow in the parking lot. Rather, Chenevert only alleges that Sanchez had the primary responsibility and authority of the Alexandria Lowe's when his injury occurred. Plainly, then, Chenevert asserts no allegations against Sanchez that could approach the requisite *Canter* standard. That is, Chenevert relies solely on the performance of Sanchez's general administrative duties, an insufficient basis for liability under state law.

Because Chenevert's claim is not viable under state law, Sanchez is fraudulently joined. *See Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960–01 (M.D. La. 1995) (finding a manager fraudulently joined where the manager was not personally negligent and the plaintiff thus attempted to impose liability based on breaches of his general administrative duties); *Bennett v. Kmart Corporation*, No. 96-2821, 1999 WL 577919, at *3 (E.D. La. Oct. 8, 1996) (finding defendant fraudulently joined because there was a lack of evidence of personal negligence or personal malfeasance).

2. <u>Piercing the pleadings further demonstrates Sanchez owed no duty.</u>

Sanchez submitted an affidavit attesting she did not "supervise, observe, participate in, or have any involvement in the events alleged in [Chenevert's]

[P]etition" because she was not yet assigned to the Alexandria Lowe's when the incident occurred. ECF No. 8-2 ¶ 3–4. As noted above, when determining whether there is fraudulent joinder, the court is authorized to pierce the pleadings where a pleading omits discrete and undisputed facts that would preclude a plaintiff's recovery. *See Smallwood*, 385 F.3d at 573. Piercing the pleading is authorized in this case.

To begin, Louisiana courts and courts in this circuit "have found that a store manager cannot be held personally liable for an incident if the store manager was off-duty on the date in question." *Moody*, 2025 WL 264492, at *6 (quoting *West*, 2021 WL 4622213, at *3). For example, in *Moody*, the Court considered claims against a manager who was off duty when the plaintiff was allegedly injured. *Moody*, 2025 WL 264492, at *6. Because the store manager was off duty, the Court reasoned that the only allegations the plaintiff could reasonably make related solely to general supervisory duties. *Moody*, 2025 WL 264492, at *6. *Canter* prohibited such a claim, and, accordingly, the store manager was fraudulently joined. *Id.*

Similar reasoning applies here. If the Court were to consider Sanchez's affidavit, the undisputed facts would demonstrate Sanchez did not begin working at the Alexandria Lowe's until six months *after* Chenevert's accident. Thus, not only was Sanchez not working the day of the accident, but she also was not yet employed as the store manager at the time of Chenevert's slip and fall.

Sanchez's post-accident employment presents an even stronger argument that Sanchez was fraudulently joined than present in *Moody*, where the employee was

simply off-duty. Chenevert's Petition alleges only that the individual manager had duties, but Sanchez's affidavit conclusively demonstrates she was not the responsible manager. And the Petition does not suggest that Lowe's delegated duties to Sanchez regarding the Alexandria's Lowes prior to her employment. As such, Chenevert is trying to hold Sancez liable for the performance and delegation of duties not within her responsibility or authority.

Thus, Chenevert's pleading omits "discrete and undisputed facts that would preclude [his] recovery against" Sanchez, the resident defendant. *See Smallwood*, 385 F.3d at 574. The Court finds it appropriate to pierce Chenevert's pleadings to consider that affidavit. Piercing the pleadings in this manner demonstrates that Chenevert cannot establish a viable claim against Sanchez, and Sanchez has thus been fraudulently joined.

In sum, Chenevert's Petition fails to present a viable claim against Sanchez because his general allegations against Sanchez fail to satisfy *Canter*, and evidence adduced demonstrates that Sanchez was not working at the time of Chenevert's injuries. Because Chenevert's Petition fails to present a viable claim under state law, Sanchez has been fraudulently joined, and dismissal of Chenevert's claim against Sanchez is warranted.

Having found dismissal of Sanchez proper, the Court turns now to whether it has jurisdiction over the remaining claims. It does. Chenevert's Petition for damages, while silent as to the amount in controversy, facially demonstrates that the amount in controversy exceeds $75,000.00. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880,

884 (5th Cir. 2000) (finding general descriptions of injuries partnered with facially stated amount in controversy sufficient for removal purposes). Chenevert is domiciled in Louisiana ECF No. 22. Because remaining Defendants Lowe's and Keeley are non-Louisiana entities, *see* ECF Nos. 10 & 11, complete diversity exists.

Accordingly, the Court has subject matter jurisdiction.

## III. Conclusion

Because Sanchez is fraudulently joined, IT IS RECOMMENDED that Sanchez's Motion to Dismiss Fraudulently Joined Defendant Christy Sanchez (ECF No. 8) be GRANTED and the claim against Sanchez be DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendations within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, July 14, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE